FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

2014 JUL -7 P 4: 20

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Andrea A. Bien,

    Plaintiff,

v.

Equifax Information Services LLC,

    Defendant.

Case No.:

CA 14 - 306 ML

## COMPLAINT
## JURY TRIAL DEMAND

### INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"), including Defendant's inaccurate credit reporting arising from a known "mixed file" circumstance entirely within the control of Defendant.

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. §1681 *et seq*.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the Plaintiff resides in this District and did during the Defendant's allegedly wrongful conduct.

## PARTIES

4. The Plaintiff Andrea A. Bien (hereinafter "Plaintiff") is a natural person who resides in the City of Providence, State of Rhode Island.

5. The Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a foreign corporation, which is incorporated under the laws of Georgia and authorized to do, and does, business in the State of Rhode Island.

7. Equifax is a consumer credit reporting agency, as defined by 15 U.S.C. §1681a(f) of the FCRA, and regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of the FCRA, to third parties.

## APPLICATION OF THE FCRA

8. Under the FCRA, the term "consumer reporting agency" means, "any person which for monetary fee, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. §1681a(f).

9. Under the FCRA, the term "consumer report" means, "any written, oral, or other communication of any information by a consumer reporting agency bearing on a

2

consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b." 15 U.S.C. §1681a(d)(1).

10. Under the FCRA, the term "consumer reporting agency" means, "any person which for monetary fee, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. §1681a(f).

11. Under the FCRA, the term "consumer report" means, "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b." 15 U.S.C. §1681a(d)(1).

12. Any entity that falls under the FCRA definition of "consumer reporting agency" must abide by, and is subject to penalties for violating, the FCRA.

## PLAINTIFF"S EXPERIENCE

13. In or about June 2013, the Plaintiff learned someone had apparently used her identity and good credit rating to fraudulently open credit accounts in her name.

14. The Plaintiff obtained copies of her credit report from the three major credit reporting agencies, TransUnion, Experian and Equifax, and went about taking the necessary steps to remove the fraudulent accounts from her credit reports.

15. Towards that end, in or about July 2013, the Plaintiff notified Equifax that it was misreporting a debt the Plaintiff allegedly owed to Bank of America.

16. In the process of notifying Equifax of the incorrect reporting, the Plaintiff included a copy of the police report she had filed regarding the fraud.

17. In the process of notifying Equifax of the incorrect reporting, the Plaintiff provided proof she resided in Rhode Island when the fraudulent account was apparently opened in another state.

18. In the process of notifying Equifax of the incorrect reporting, the Plaintiff authorized her husband to speak with Equifax and her husband did speak with Equifax regarding the matter in or about December 2013.

19. In the process of notifying Equifax of the incorrect reporting, the Plaintiff spoke with Equifax on or about January 10, 2014.

20. Despite being presented with proof that the Bank of America debt was not the Plaintiff's, Equifax continued to report the debt as owed by the Plaintiff.

21. The Plaintiff suffered damages as a result of Equifax's conduct including mental stress and suffering, a diminished credit score and harm to her reputation.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681e(b)

23. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the FCRA.

25. Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report concerning Plaintiff, which it disseminated to third persons such as current and prospective creditors full of inaccurate and "mixed" information of other consumers.

26. As a result of Defendant's conduct, action, and inaction, Plaintiff has suffered humiliation, mental anguish, sleeplessness, frustration, anger, irritability, emotional distress and upset, and damages to her credit worthiness.

27. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1686ln of the FCRA because Defendant was on full notice of what it was doing to harm Plaintiff's credit history by mixing it with another consumer's credit history.

28. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o of the FCRA.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. §1681b(a) and (c)

29. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

30. Defendant Equifax prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information, regarding Plaintiff, as defined in the FCRA.

31. Defendant Equifax violated 15 U.S.C. § 1681b(a) when it published false information about credit history.

32. Defendant Equifax violated 15 U.S.C. § 1681b(c) when it published false information about her credit history.

33. As a result of Defendant Equifax's conduct, action, and inaction, Plaintiff has suffered humiliation, mental anguish, sleeplessness, frustration, anger, irritability, emotional distress and upset, and damages to her credit worthiness.

34. Defendant Equifax's conduct, actions, and inactions, were willful because of prior notices the Plaintiff and her husband gave it regarding the misreporting and false information. This renders Defendant Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the FCRA because Defendant Equifax was on full notice of what it was doing.

35. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant and award the following:

a) Actual damages in an amount to be determined at trial;
b) Statutory and punitive damages in an amount to be determined at trial against Defendant;
c) Attorneys' fees and costs pursuant to 15 U.S.C. § 1681 *et seq.* against Defendant;
d) Injunctive relief for accurate credit reports; and,
e) Such other relief as this Court deems just and proper.

Dated this ___ day of June, 2014.

Andrea A. Bien,
by her counsel:

/s/ John T. Longo

---

John T. Longo, Esq./BBO#632387
**Citadel Consumer Litigation, PC**
996 Smith Street
Providence, RI 02908
(401) 383-7550
(401) 537-9185 Fax
jtlongo@citadelpc.com