UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANDREA A. BIEN,

    Plaintiff,

v.                                            Case No. 1:14-cv-00306-ML-PAS

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1.     Equifax admits that this action purports to be brought pursuant to the FCRA. Equifax denies the remaining allegations in Paragraph 1.

2.     Equifax admits the allegations in Paragraph 2.

3.     Equifax denies any wrongful conduct. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax admits that Plaintiff is a natural person. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax admits that it is authorized to do and does business in Rhode Island. Equifax denies the remaining allegations in Paragraph 6.

7. Equifax admits the allegations in Paragraph 7.

8. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 8 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 8, the allegations are denied.

9. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 9 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 9, the allegations are denied.

10. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 10 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 10, the allegations are denied.

11. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 11 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 11, the allegations are denied.

12. Equifax states that the provision of the FCRA purportedly quoted in Paragraph 12 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 12, the allegations are denied.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax admits that it provided Plaintiff with a copy of her Equifax credit file. Equifax is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax denies the allegations in Paragraph 15.

16. Equifax denies the allegations in Paragraph 16.

17. Equifax denies the allegations in Paragraph 17.

18. Equifax denies that it discussed or in any way disclosed the details of Plaintiff's credit file with Plaintiff's husband. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax admits that Plaintiff spoke to an Equifax representative on or about January 10, 2014. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax denies the allegations in Paragraph 21.

22. Equifax admits that Plaintiff requests a trial by jury. Equifax likewise requests a trial by jury.

23. Equifax reasserts and realleges its responses to Paragraphs 1-22 as if fully set forth herein.

24. Equifax denies the allegations in Paragraph 24.

25. Equifax denies the allegations in Paragraph 25.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies in the allegations in Paragraph 28.

29. Equifax reasserts and realleges its responses to Paragraphs 1-28 as if fully set forth herein.

30. Equifax denies the allegations in Paragraph 30.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax denies the allegations in Paragraph 33.

34. Equifax denies the allegations in Paragraph 34.

35. Equifax denies the allegations in Paragraph 35.

36. Equifax denies that that Plaintiff is entitled to any of the relief set forth in her prayer for relief on Page 7 of the Complaint.

37. Any allegation contained in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. §1681n in order to recover punitive or statutory damages.

## SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## SEVENTH DEFENSE

Equifax did not report inaccurate information regarding Plaintiff.

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action;

(3) it recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees;

(4) it have a trial by jury on all issues so triable; and

(5) it recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 1st day of August, 2014.

ROBINSON & COLE

By: /s/ Dana M. Horton
Dana M. Horton, #6251
One Financial Plaza, Suite 1430
Providence, RI 02903
Tel: 401-709-3352
Email: dhorton@rc.com
*Attorneys for Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2014, a copy of the foregoing Answer and Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

John T. Longo, Esq.
Citadel Consumer Litigation, PC.
996 Smith Street
Providence, RI 02908

/s/ Dana M. Horton
Dana M. Horton